# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**EVANSTON INSURANCE COMPANY,**

        **Plaintiff,**

**-vs-**                                                **Case No. 6:08-cv-1984-Orl-31DAB**

**LARCON CORPORATION,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT AGAINST LARCON (Doc. No. 23)
>
> **FILED:** April 10, 2009
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

This purports to be an action for declaratory relief brought by an insurer against its insured, among others (Doc. No. 1). Having finally obtained a clerk's default against the remaining defendant,[1] Plaintiff moves the Court "to enter an Order of Final Judgment declaring that EVANSTON has no duty to defend or indemnify LARCON from any claims or damages arising out of the construction of the PROJECT . . ." (Doc. No. 23 at 3). As Plaintiff presents no factual or legal basis to do so, the motion should be **denied.**

---

[1] Plaintiff has settled with the other defendants and its claims against them have been dismissed (Doc. Nos. 24-26).

The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-plead in the complaint, it is established by the entry of a default. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston National Bank,* 515 F. 2d 1200, 1206 (5th Cir. 1975). If the amount of damages sought are not specified in the complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Rule 55(b)(2), Federal Rules of Civil Procedure.

Here, the Complaint does not seek damages, but sets forth certain allegations summarized as follows:

- Plaintiff issued certain policies to Larcon,

- Larcon entered into a contract to serve as a contractor for a condominium project

- "on information and belief" members of the Association began to observe problems with the project and complained to the developers

- the association filed a complaint against the developers and the developer filed a complaint against Larcon,

- the underlying complaints allege many things, including that Larcon is obligated to provide a defense and indemnification

- Plaintiff received notice of these claims and litigation and in response sent out letters reserving its rights and denying coverage, and

- "EVANSTON asserts that under the facts alleged in the proceeding paragraphs, no coverage exists under the POLICIES as a result of the pertinent terms, conditions and exclusions of the POLICIES which state in part . . ."[eight pages worth of policy language omitted].

(Doc. No. 1).

Claiming "a present ascertained or ascertainable state of facts or present controversy as to a state of facts concerning the rights and obligations . . . under the Policies" and acknowledging that

these rights are "dependent upon the facts and the law affecting coverage," Plaintiff demands judgment declaring that it has no duty to defend or indemnify any of the Defendants from any claims arising out of the construction of the Project. (Doc. No. 1 at p. 12). The problem is that the assertions in the "WHEREFORE" or *ad damnum* clause simply do not follow from the factual allegations elsewhere in the Complaint.

Treating all well pled allegations as true, the Court finds this Complaint merely states that there is a controversy and that "Plaintiff's rights are dependent upon the facts and the law," neither of which are set forth in either the Complaint nor in any legal brief or Affidavit in support of the motion. Indeed, Plaintiff files *no* evidence and no brief, relying, apparently, on no more than the Complaint itself. As is clear, however, merely reciting eight pages worth of policy language *without applying it to the facts at bar* does not serve to support a judgment in Plaintiff's favor. Absent any evidentiary basis to grant the motion, it is **respectfully recommended** that it be **denied.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 21, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy