# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**EVANSTON INSURANCE COMPANY,**

        **Plaintiff,**

**-vs-**                                                              **Case No. 6:08-cv-1984-Orl-31DAB**

**LARCON CORPORATION,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 36)**
>
> **FILED:**      August 12, 2009
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Following Plaintiff's unsuccessful initial motion for entry of default judgment (*see* Doc. Nos. 23, 27-28), Plaintiff filed an Amended Complaint for Declaratory Relief (Doc. No. 32), properly served same (Doc. No. 33), and, upon Defendant's failure to file a timely response, obtained a Clerk's default (Doc. No. 35), and filed the instant motion. For the reasons set forth herein, it is **respectfully recommended** that the motion be **granted.**

The effect of the entry of a default is that all of the factual allegations in the Complaint are

taken as true, save for the amount of unspecified damages. Thus, if liability is well-plead in the complaint, it is established by the entry of a default. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston National Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975).

Here, no damages are sought and the Amended Complaint alleges only a claim for declaratory relief against Larcon, asserting:

- Plaintiff issued certain policies to Larcon,

- Larcon entered into a contract to serve as a contractor for a condominium project (the Riomar Project)

- "on information and belief" members of the Association began to observe problems with the Riomar Project and complained to the developers on September 20, 2004

- the Association filed a complaint against the developers and, on May 2, 2007, the developer filed a complaint against Larcon,

- the underlying complaints allege many things, including that Larcon is obligated to provide a defense and indemnification

- Plaintiff received its first notice from Larcon of these claims and litigation on May 9, 2008

- the Policies provide that the insured is required to give written notice "as soon as practicable after the insured receives knowledge of the occurrence, injury or damage"

- by virtue of its receipt of the third party complaint, Larcon received notice of the claim against it no later than May 2, 2007, but did not notify Defendant until May 9, 2008

- the delay is a breach of the Policies' notification provisions

- Plaintiff denied coverage

- There is no coverage under the Policies due to the failure to timely notify, and thus, Plaintiff has no duty to defend or indemnify

- There exists a bona fide actual present and practical need for the declaration of coverage available under the Policies and the rights and obligations of Defendant pursuant thereto.

Under Florida law, a failure to provide timely notice of loss in contravention of a policy provision is a legal basis for the denial of recovery under the policy. *See Ideal Mut. Ins. Co. v. Waldrep*, 400 So.2d 782, 785 (Fla. 3d DCA 1981) ("Notice is necessary when there has been an occurrence that should lead a reasonably prudent man to believe that a claim for damages would arise."). Moreover, the failure to give timely notice creates a rebuttable presumption of prejudice to the insurer. "If the insured breaches the notice provision, prejudice to the insurer will be presumed, but may be rebutted by a showing that the insurer has not been prejudiced."*Bankers Insurance Co. v. Macias*, 475 So. 2d 1216 (Fla. 1985). The determinations of (i) whether the notice provision was complied with and (ii) what is a reasonable time under the surrounding circumstances are questions of fact. *Ideal Mut. Ins. Co.*, 400 So.2d at 785. By virtue of the default, Defendant has admitted these well-pled allegations, which establish a factual basis for a declaration that there is no coverage available under the Policies. As such, default judgment is appropriate here.

It is therefore **recommended** that the motion be granted and the Court issue a declaratory judgment that Defendant has no duty to defend or indemnify Plaintiff from any claims arising out of the construction of the Riomar Project.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 2, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy